IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN KOHR, | No. 4:24-CV-01336 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SUPERINTENDENT RIVELLO, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

OCTOBER 8, 2024

Plaintiff Edwin Kohr filed the instant *pro se* civil rights lawsuit alleging Eighth Amendment violations by prison officials at SCI Huntingdon. His Section 1983[1] claims sound in deliberate indifference to serious medical needs. Because Kohr fails to state a claim for relief, the Court will dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1) but will grant him leave to amend.

I.      STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One basis for dismissal at the screening stage is if the complaint "fails to state a claim

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] *See* 28 U.S.C. § 1915A(a).

upon which relief may be granted[.]"[3] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8] At step one, the court must "tak[e] note of the elements [the]

---

[3] *Id.* § 1915A(b)(1).
[4] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[7] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[8] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Kohr proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Kohr, is incarcerated.[14]

## II.   DISCUSSION

The gravamen of Kohr's complaint is alleged deliberate indifference to serious medical needs in violation of the Eighth Amendment.  Kohr first alleges that, in September 2022, he began having "issues" with his stomach and upper chest.[15]  He was promptly sent to the medical department and the medical department immediately transferred him to J.C. Blair Hospital, which then

---

[9]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12]  *Iqbal*, 556 U.S. at 681.
[13]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[14]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[15]  Doc. 1 ¶ 8.

transferred him to Altoona Hospital.[16]  At Altoona Hospital, Kohr underwent emergency surgery to repair an aneurysm.[17]  He spent two weeks in Altoona Hospital, then another month in SCI Smithfield, and was then transferred back to SCI Huntingdon.[18]

Upon return to SCI Huntingdon, Kohr eventually went back to work at his prison job because it was "the only source of income" for him.[19]  One month after returning to work, Kohr developed two large hernias related to his prior surgery.[20]  He recounts that he was sent back to SCI Smithfield, which facility then transferred him to Altoona Hospital, where he remained for approximately two months.[21]  He then returned to SCI Huntingdon.[22]

Kohr alleges that, at some point, he was scheduled for surgery to correct the hernias.[23]  That hernia surgery was canceled, however, because the surgeon who was to perform the surgery had to undergo "unexpected emergency" surgery himself.[24]  Although Kohr's complaint is not entirely clear, he appears to contend that he experienced difficulty and delay in getting this hernia surgery rescheduled.

---

[16] *Id.* ¶¶ 9-10.
[17] *Id.* ¶ 10.
[18] *Id.* ¶ 11.
[19] *Id.* ¶ 12.
[20] *Id.* ¶ 13.
[21] *Id.*
[22] *Id.*
[23] *Id.* ¶ 14.
[24] *Id.* ¶ 15; Doc. 1-2 at 3.

However, the Court is unable to discern from Kohr's complaint and attachments when, if ever, he was rescheduled for hernia surgery.

In December 2023, Kohr filed a grievance about the issue.[25]  That grievance was denied, and he appealed the denial to the Facility Manager, who likewise denied the first-level appeal.[26]  Kohr's final appeal to the Secretary's Office of Inmate Grievances and Appeals (SOIGA) was dismissed—rather than addressed on the merits—for failure to comply with the SOIGA's filing requirements.[27]

Kohr filed his complaint in this Court in August 2024.[28]  He sues two defendants: Superintendent Rivello and Wellpath Medical.[29]  Upon review of Kohr's complaint, he plainly fails to state a claim upon which relief may be granted.  The Court will address his pleading deficiencies in turn.

### A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[30]  Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[31]  Personal involvement can include direct

---

[25] *See* Doc. 1 ¶ 16; Doc. 1-2 at 3 (Initial Review Response, dated January 4, 2024).
[26] *See* Doc. 1-2 at 2-4.
[27] *See id.* at 5.
[28] *See generally* Doc. 1.
[29] *Id.* ¶¶ 4-5.
[30] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[31] *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

5

wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[32] Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[33]

Kohr's primary pleading deficiency is his failure to allege personal involvement for any Defendant. Although he names a specific prison official— Superintendent Rivello—he does not include any allegations of wrongdoing that would establish personal involvement by Rivello in the purported constitutional violation.

Although the Court is able to glean from Kohr's attachments that Rivello was involved in the first-level grievance appeal, involvement in the post-incident grievance process alone does not create a basis for Section 1983 liability. Furthermore, from the grievance materials Kohr submitted, it appears that his primary complaint was that his hernia surgery had been canceled.[34] But as both the Facility Grievance Coordinator and Rivello (the Facility Manager) explained, that

---

[32] *Id.* (quoting *Rode*, 845 F.2d at 1207).
[33] *See id.* at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").
[34] *See* Doc. 1-2 at 1-4.

6

cancelation was outside of the prison's control because the surgeon had to undergo emergency surgery himself.[35]

To plausibly plead a Section 1983 claim, Kohr must specify each Defendant's personal involvement in the alleged constitutional misconduct in order to state a claim for relief. Accordingly, the Court must dismiss the Section 1983 claim against Rivello under 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

### B. "Person" for Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[36] Only "persons" are subject to suit under Section 1983, and entities such as prisons, medical departments, or private medical companies generally do not qualify as "persons" for purposes of Section 1983.[37]

---

[35] *Id.* at 3, 4.
[36] *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).
[37] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *see also Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983).

Under this well-settled law, any Section 1983 claim against defendant "Wellpath Medical" must be dismissed, as Wellpath is not a person subject to Section 1983 liability. Moreover, Kohr does not allege an unconstitutional policy or custom by Wellpath such that a Section 1983 suit could be maintained against it through its connection with the government.[38] Wellpath, therefore, must be dismissed under Section 1915A(b)(1) as well.

### C. Eighth Amendment Medical Indifference

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[39] To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff."[40] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[41]

---

[38] *See, e.g., Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).
[39] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[40] *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[41] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[42] Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[43] Claims sounding in mere medical negligence will not suffice.[44]

Assuming that Kohr has stated a serious medical need with respect to his double hernia, his medical deliberate indifference claim fails at the second and third elements. That is, he has not plausibly alleged facts that would show that any particular Defendant acted with deliberate indifference toward his serious medical needs or that such deliberate indifference caused his harm.

Regarding deliberate indifference, Kohr has not plausibly alleged how Rivello—the Superintendent of SCI Huntingdon—was deliberately indifferent to Kohr's medical needs. First, Rivello is not a medical professional, and it is clear that Kohr was under the care of multiple medical professionals during the relevant times in his complaint. Kohr has not plausibly alleged how Rivello could be liable for deficient medical care when Kohr was being treated by medical professionals at

---

[42] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[43] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[44] *Rouse*, 182 F.3d at 197.

SCI Huntingdon and at outside hospitals.[45] Further, Rivello's only involvement appears to be during the grievance process. Upholding a grievance denial because the surgeon who was supposed to perform Kohr's hernia surgery had a medical emergency of his own does not implicate deliberate indifference in any way.

Kohr's complaint also fails to adequately plead causation. It is impossible to determine from his allegations whether any particular Defendant's conduct caused his harm (or what that harm was). Kohr appears to be asserting that his hernia surgery was excessively delayed, but the Court is unable to determine why, how long, or who was allegedly responsible. Accordingly, Kohr's Eighth Amendment medical indifference claims must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

### D.   Official Capacity Claims

Kohr sues Defendants in their individual and official capacities, even though one Defendant is a business entity.[46] Nevertheless, any official capacity claim seeking monetary damages from state officials is barred by Eleventh Amendment sovereign immunity.

The Eleventh Amendment to the United States Constitution prevents federal courts from entertaining lawsuits—by United States citizens or citizens of foreign

---

[45] *See Durmer*, 991 F.2d at 69 (finding that failure by nonmedical prison officials to respond to medical complaints from prisoner-plaintiff "already being treated by the prison doctor" does not establish deliberate indifference).

[46] *See* Doc. 1 at p. 1; *id.* ¶ 35.

states—brought against a state.[47] This immunity from private suit extends to state agencies as well as state officials acting in their official capacity, because such lawsuits are essentially civil actions "against the State itself."[48] States may waive this immunity if they choose, but Pennsylvania has explicitly not waived its immunity with respect to claims brought under Section 1983.[49] There are two exceptions to the Eleventh Amendment's bar to private suits against nonconsenting states: (1) "Congress may abrogate a state's immunity" and (2) "parties may sue state officers for *prospective* injunctive and declaratory relief."[50]

Kohr seeks compensatory and punitive damages, as well as costs.[51] To the extent those monetary damages are sought against state officials in their official capacities, such claims are barred by Eleventh Amendment sovereign immunity. Kohr also seeks declaratory relief in the form of a declaration that his civil rights were violated,[52] but this is retrospective, rather than prospective, relief. Moreover, because Kohr has failed to plausibly allege a constitutional violation against any Defendant, no official capacity claim survives Section 1915A(a) scrutiny.

---

[47] U.S. CONST. amend. XI; *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997); *Hans v. Louisiana*, 134 U.S. 1, 10 (1890).

[48] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

[49] *See* 42 PA. CONS. STAT. § 8521(b); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 & n.5 (3d Cir. 2010) (citing 42 PA. CONS. STAT. § 8521(b)).

[50] *Wheeling & Lake Erie Ry. Co. v. Pub. Util. Comm'n of Pa.*, 141 F.3d 88, 91 (3d Cir. 1998) (emphasis added) (citing, *inter alia*, *Ex parte Young*, 209 U.S. 123 (1908)).

[51] Doc. 1 ¶¶ 35, 43.

[52] *Id.*

### E.     Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[53]  Kohr will be granted leave to amend in the event that he can plead facts that would plausibly state a Section 1983 claim for deliberate indifference to serious medical needs.  In particular, Kohr may be able to state a claim for relief with regard to excessive delay in receiving hernia surgery, as long as he can plausibly plead the elements of such a claim as set forth above.

If Kohr chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The amended complaint should set forth his Eighth Amendment medical indifference claim in short, concise, and plain statements, and in sequentially numbered paragraphs.  Kohr must leave one-inch margins on all four sides of his pleading.[54]  He must also name proper defendants and *specify* the offending actions taken by a particular defendant.  This step is particularly critical for Kohr, as his initial complaint is devoid of allegations that demonstrate any Defendant's personal involvement in the purportedly deficient

---

[53]    *Grayson*, 293 F.3d at 114.
[54]    *See* LOCAL RULE OF COURT 5.1.

medical care. Kohr must also sign the amended complaint and indicate the nature of the relief sought.

If Kohr does not timely file an amended complaint, dismissal of his Section 1983 claims without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

## III. CONCLUSION

Based on the foregoing, the Court will dismiss Kohr's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted. Kohr may file an amended complaint in accordance with this Memorandum. If no amended complaint is timely filed, dismissal without prejudice will automatically convert to dismissal with prejudice and the Court will close this case. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge