IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN KOHR, | No. 4:24-CV-01336 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SUPERINTENDENT RIVELLO, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**MARCH 6, 2025**

Plaintiff Edwin Kohr filed the instant *pro se* civil rights lawsuit alleging Eighth Amendment violations by prison officials at SCI Huntingdon. His Section 1983[1] claims sound in deliberate indifference to serious medical needs. Kohr's initial complaint was dismissed for failure to state a claim for relief pursuant to 28 U.S.C. § 1915A(b)(1). He has since filed an amended complaint, which is presently before the Court for Section 1915A screening.

**I.    STANDARDS OF REVIEW**

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One

---

[1]  42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]  *See* 28 U.S.C. § 1915A(a).

basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

---

[3] *Id.* § 1915A(b)(1).
[4] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); cf. *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[7] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Kohr proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13] This is particularly true when the *pro se* litigant, like Kohr, is incarcerated.[14]

## II.  DISCUSSION

The gravamen of Kohr's lawsuit is alleged deliberate indifference to serious medical needs in violation of the Eighth Amendment. His amended complaint is

---

[8] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12] *Iqbal*, 556 U.S. at 681.
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[14] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

very brief and appears to attempt to build on his original complaint, even though Kohr was specifically admonished against doing so.[15]  The Court will thus reference the allegations in Kohr's original complaint to provide a sufficient background for his amended pleading.

In his initial complaint, Kohr first alleged that, in September 2022, he began having "issues" with his stomach and upper chest.[16]  He was promptly sent to the medical department and the medical department immediately transferred him to J.C. Blair Hospital, which hospital then transferred him to Altoona Hospital.[17]  At Altoona Hospital, Kohr underwent emergency surgery to repair an aneurysm.[18]  He spent two weeks in Altoona Hospital, then another month in SCI Smithfield, and was then transferred back to SCI Huntingdon.[19]

Upon return to SCI Huntingdon, Kohr eventually went back to work at his prison job because it was "the only source of income" for him.[20]  One month after returning to work, Kohr developed two large hernias related to his prior surgery.[21]  He recounts that he was sent back to SCI Smithfield, which facility then

---

[15] *See* Doc. 9 at 12.
[16] Doc. 1 ¶ 8.
[17] *Id.* ¶¶ 9-10.
[18] *Id.* ¶ 10.
[19] *Id.* ¶ 11.
[20] *Id.* ¶ 12.
[21] *Id.* ¶ 13.

transferred him to Altoona Hospital, where he remained for approximately two months.[22]  He then returned to SCI Huntingdon.[23]

Kohr alleges that, at some point, he was scheduled to have surgery to correct the hernias.[24]  That hernia surgery was canceled, however, because the surgeon who was to perform the surgery—Dr. Meddek—had to undergo "unexpected emergency" surgery himself.[25]

In his amended complaint, Kohr alleges that he still has not been scheduled for corrective hernia surgery, resulting in three years of pain and suffering.[26]  He asserts that doctors "Mahli" and "Del'Blanco" are the "primary doctors" who have the authority to schedule him for hernia surgery but they have refused to do so.[27]  He further contends that he "wrote" to Superintendent Rivello about the hernia issue, but that Rivello "refused to interce[de] on his behalf."[28]

In December 2023, Kohr filed a grievance about this issue.[29]  That grievance was denied, and he appealed the denial to the Facility Manager (Superintendent Rivello), who likewise denied the first-level appeal.[30]  Kohr's final appeal to the

---

[22] *Id.*
[23] *Id.*
[24] *Id.* ¶ 14.
[25] *Id.* ¶ 15; Doc. 1-2 at 3; Doc. 20 ¶¶ 6-8.
[26] Doc. 20 ¶¶ 8, 13.
[27] *Id.* ¶ 9.  The Court assumes that Dr. Mahli and Dr. Del'Blanco work at SCI Huntingdon and are not private practitioners at outside medical facilities.
[28] *Id.* ¶ 10.
[29] *See* Doc. 1 ¶ 16; Doc. 1-2 at 3 (Initial Review Response, dated January 4, 2024).
[30] *See* Doc. 1-2 at 2-4.

Secretary's Office of Inmate Grievances and Appeals (SOIGA) was dismissed—rather than addressed on the merits—for failure to comply with the SOIGA's filing requirements.[31]

Kohr filed his initial Section 1983 complaint in this Court in August 2024.[32] He sued two defendants: Superintendent Rivello and Wellpath Medical.[33] The Court screened that pleading and dismissed Kohr's Eighth Amendment claims.[34] The Court specifically found that Kohr had failed to allege personal involvement by Rivello in the constitutional violation and relatedly had not alleged deliberate indifference by Rivello to a serious medical need.[35] The claims against Wellpath were dismissed because Wellpath is not a "person" for Section 1983 purposes and because Kohr had not alleged an unconstitutional policy or practice by that business entity.[36]

Kohr filed his abbreviated amended complaint in January 2025. He sues four defendants: Superintendent Rivello, Dr. Meddek, Dr. Mahli, and Dr. Del'Blanco.[37] He appears to seek compensatory and punitive damages, as well as injunctive relief in the form of corrective hernia surgery.[38]

---

[31] *See id.* at 5.
[32] *See generally* Doc. 1.
[33] *Id.* ¶¶ 4-5.
[34] *See generally* Docs. 9, 10.
[35] *See* Doc. 9 at 5-7, 9-10.
[36] *See id.* at 7-8.
[37] Doc. 20 ¶¶ 7-10.
[38] *Id.* ¶ 13 (referencing initial complaint).

6

### A.  Eighth Amendment Medical Indifference

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[39]  To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff."[40]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[41]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[42]  Deliberate indifference to serious medical needs is an exacting standard,

---

[39] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[40] *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[41] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[42] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).

requiring a showing of "unnecessary and wanton infliction of pain."[43]  Claims sounding in mere medical negligence will not suffice.[44]

Assuming that Kohr has stated a serious medical need with respect to his double hernia, his amended complaint plausibly alleges deliberate indifference only against Dr. Mahli and Dr. Del'Blanco.  He has not done so with respect to Superintendent Rivello or Dr. Meddek.

Initially, Kohr has not plausibly alleged that Rivello—the Superintendent of SCI Huntingdon—was deliberately indifferent to his medical needs.  First, Rivello is not a medical professional, and it is clear that Kohr was under the care of multiple medical professionals during the relevant times in the complaint and amended complaint.[45]  Kohr's single allegation against Rivello is that he "wrote" to Rivello at some unspecified time and Rivello "refused to interce[de]" on Kohr's behalf,[46] but this allegation alone is insufficient to rise to the level of a *constitutional* violation, especially when Kohr was clearly receiving medical treatment from professionals.  Furthermore, from Kohr's initial complaint (on which he frequently relies), it appears that the communication with Rivello occurred as part of the grievance process.[47]  However, upholding a grievance

---

[43] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[44] *Rouse*, 182 F.3d at 197.
[45] *See Durmer*, 991 F.2d at 69 (finding that failure by nonmedical prison officials to respond to medical complaints from prisoner-plaintiff "already being treated by the prison doctor" does not establish deliberate indifference).
[46] Doc. 20 ¶ 10.
[47] *See* Doc. 1-2 at 2, 4.

denial because the surgeon who was supposed to perform Kohr's hernia surgery had a medical emergency of his own does not implicate deliberate indifference.[48]

As to Dr. Meddek, Kohr's only allegation against this physician is that he performed an initial aneurysm surgery that resulted in complications (the hernias) and then had to cancel the hernia surgery because he had to undergo emergency surgery himself. These allegations, at most, implicate medical negligence with respect to the first surgery and thus do not state an Eighth Amendment claim.[49]

As to Dr. Mahli and Dr. Del'Blanco, Kohr alleges that these two physicians are the "primary doctors" who are able to schedule his corrective hernia surgery but that they have "refused" to do so, thus causing prolonged "pain and suffering, and discomfort."[50] These allegations, while short on detail, are sufficient to plausibly state the elements of a claim of deliberate indifference to serious medical needs. Accordingly, the Eighth Amendment claims against Dr. Mahli and Dr. Del'Blanco can move forward.

B. **Leave to Amend**

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[51] Further leave to amend will be

---

[48] *See id.* at 4.
[49] *See Rouse*, 182 F.3d at 197.
[50] Doc. 20 ¶ 9.
[51] *Grayson*, 293 F.3d at 114.

denied because Kohr has failed to cure deficiencies with his pleadings even after "amendments previously allowed."[52] This case, therefore, will proceed only as to Kohr's Eighth Amendment medical indifference claim against Dr. Mahli and Dr. Del'Blanco.

## III. CONCLUSION

Based on the foregoing, the Court will dismiss in part Kohr's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1). This case will proceed on Kohr's Eighth Amendment claim of deliberate indifference to serious medical needs against Dr. Mahli and Dr. Del'Blanco only. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[52] *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").